## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | | |
|---|---|---|
| **DONALD R. CARTER II,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-5731 |
| | ) | (Criminal No. 5:10-0229) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 21, 2012, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and an Affidavit claiming ineffective assistance of his trial counsel. (Document No. 44.) Having examined the record and applicable law, the undersigned finds that Movant's claim is without merit and hereby respectfully recommends that his Motion be denied and this matter be dismissed.

## MOVANT'S CLAIMS

Movant alleges ineffective assistance of counsel stating in his Motion as follows:

> The plea agreement contains an enhancement raising the loss to $1.9 million dollars. The defendant made it known to his counsel that this number was not accurate and wished to contest it. He requested that counsel employ a forensic accountant to verify his claim. Counsel did not perform the requested investigation nor did he contest the enhancement claiming the defendant had a major role in the conspiracy. After the plea and sentence, the defendant engaged a forensic accountant whose findings support the defendant's position. Failure to perform a basic investigation rendered counsel's representation ineffective and is the grounds for this motion.

Movant states in his Affidavit as follows:

> 1. I am the defendant in the above captioned matter. On September 21, 2011, I was convicted of Bank Fraud and Tax Fraud in the United States District Court for the Southern District of West Virginia, and sentenced to 51 months

        in prison which I am currently serving at FCI McDowell in Welch, West Virginia.

2.     I am making this motion asking for relief under Section 28 USC 2255 on the grounds of ineffective assistance of counsel.

3.     The guideline range was enhanced because the bank fraud was alleged to have been 1.9 million dollars and that I had a leading role in the conspiracy. The government's theory was premised on the fact that monies were applied for and obtained from the bank for the purpose of building homes but that those funds were never used for that purpose. From the outset, I informed my trial counsel that the computations were incorrect and that monies which were deemed fraudulently obtained were, in reality, used towards the completion of the construction project. I asked counsel to properly investigate the allegation and that said investigation should include a forensic accounting of how the funds were disbursed as well as a factual investigation into the allegation that I had a major role in the conspiracy.

4.     He did neither and, in fact, after assuring me on numerous occasions that we would have sufficient time to prepare our defense one day informed me that the government had offered me a deal which would be in my best interest to accept immediately and that I had a matter of days to make up my mind. When I asked him about challenging the government's factual assertions, he told me that doing so would lead to the withdrawal of the offer and a much harsher sentence, on the other hand, if we accepted I [would] most likely receive a probationary term or at worst home confinement. I protested but relented thinking he knew best.

5.     Subsequent to my sentence, I consulted with other counsel and a forensic accountant and learned, albeit too late, that the government calculation could have been and should have been challenged on the grounds that the loss figure attributable to me was incorrect and there is forensic evidence to establish it. Had this work been done, I would not have entered the plea that I did.

6.     The fault for this is directly attributable to my attorney's failure to explore all possible defenses on my behalf and for that reason; I am seeking relief under 28 USC 2255.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant signed a letter-form plea agreement on November 1, 2010, agreeing to waive his right to be charged by indictment and to plead guilty as charged in an Information to bank fraud in

violation of 18 U.S.C. § 1344 and tax evasion in violation of 26 U.S.C. § 7201. <u>United States v. Carter</u>, Criminal No. 5:10-0229, Document No. 14. The plea agreement included a copy of the Information charging Movant with bank fraud and tax evasion (Exhibit A.) and a Stipulation of Facts (Exhibit B.). In entering the plea agreement, Movant agreed at paragraph 13 that certain provisions of the United States Sentencing Guidelines [U.S.S.G.] applied as follows (<u>Id.</u>, pp. 7 - 8.):

**Count One of the Information:**

USSG § 2B1.1

| | |
|---|---|
| Base Offense Level | 7 |
| Loss between $1 – 2.5 million | 16 |
| Sophisticated Means | 2 |
| Derived more than $1 million in gross receipts | +2 |
| Adjusted Offense Level | 27 |

**Count Two of the Information:**

USSG § 2T1.1

| | |
|---|---|
| Tax Loss (USSG § 2T4.1(H) > $400,000 | 18 |
| More than $10,000 from criminal activity | 2 |
| Adjusted Offense Level | 20 |

Movant agreed at paragraph 14 (<u>Id.</u>, pp. 8 - 9.) respecting his rights to challenge proceedings in the District Court directly on appeal and collaterally in *habeas corpus* as follows:

> The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that in paragraph 13 above. Nonetheless, Mr. Carter knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 27. * * *
> Mr. Carter also knowingly and voluntarily waives the right to challenge his guilty plea and his convictions resulting from this plea agreement, and any sentence

>imposed for the convictions, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>     The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

By the Stipulation of Facts (Id., Exhibit B.), Movant agreed respecting the bank fraud charge that "[a]s of October 2006 . . ., Carter had drawn down $1,957,630.31 in loan proceeds." Respecting the tax evasion charge, Movant agreed that "Carter's tax loss for sentencing purposes is more than $400,000 but less that $1,000,000."

A two-count Information was filed on December 15, 2010, charging Movant with (1) bank fraud in violation of 18 U.S.C. § 1344 and 2 and tax fraud in violation of 26 U.S.C. § 7201. Id., Document No. 1. The Court held a plea hearing on January 6, 2011. Id., Document No. 7. The Office of Probation prepared a Presentence Investigation Report finding that "[t]he aggregate loss in this case is $2,294,210.31 [$1,957,630.31 (Count One) + $336,580 (Count Two)]." (Document No. 38, ¶ 51.) The Office of Probation determined then that Movant's base offense level of 7 should be increased by 16 levels pursuant to U.S.S.G. § 2B1.1(B)(1)(I)(Id.), Movant's adjusted offense level was 27 (Id., ¶ 57.) and Movant should receive a three level reduction for acceptance of responsibility so that his total offense level was 24 (Id., ¶ 58.). The sentencing range for Criminal History Category I, offense level 24 is 51 - 63 months in prison. The District Court sentenced Movant on September 21, 2011, to a 51 month term of imprisonment and a three year term of supervised release and ordered Movant to pay restitution in the amount of $1,957,630.31 and a $200 special assessment. (Document No. 36.)

## **DISCUSSION**

When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective

assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a movant received adequate assistance of counsel. <u>Id.</u> The first prong is competence. Movant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. <u>Strickland</u>, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

<u>Strickland</u>, 460 U.S. at 690, 104 S.Ct. at 2066. The second prong is prejudice. The movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[1] A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068. An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant

---

[1] A movant alleging his trial counsel's ineffectiveness in failing to investigate in *habeas* proceedings must demonstrate that an investigation would have revealed information presenting a reasonable probability of a different result in the criminal proceedings. "[B]are allegations do not suffice: 'A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, *i.e.*, that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).[2]

As a general matter, counsel for a defendant in criminal proceedings has a duty to investigate the circumstances underlying the charges against the defendant and to advise the defendant of possible defenses on the basis of obtained information so that the defendant can make informed decisions. Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996), cert. denied, 518 U.S. 1036, 117 S.Ct. 1, 135 L.Ed.2d 1098 (1996). Considering Mr. Savino's claim that his plea of guilty was not knowing and voluntary and allegations that his trial counsel's representation was defective, the Court stated in view of the Strickland standard and citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 370 - 371, 88 L.Ed. 2d 203 (1985), that "if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial." The Supreme Court stated in Strickland that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

---

[2] Section 2255 provides that in considering a § 2255 Motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The undersigned has thoroughly examined all documents in the record in the underlying criminal case (Criminal No. 5:10-0229.) and this case and determined that a hearing is not necessary because they conclusively show that Movant is entitled to no relief.

In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066. The Court stated further as follows (Id.):

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts which support a potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not be later challenged as unreasonable.

First, the undersigned finds that Movant has made only bare allegations that his trial attorneys were ineffective in representing him by failing to conduct an investigation into the amount of the loss attributable to his conduct. Movant does not allege with specificity what the investigation would have revealed and how it would have altered the outcome of the District Court proceedings. Movant's allegations are therefore insufficient to sustain his claim.

Second, assuming that Movant's allegations are sufficient to sustain his claim and that Movant's attorneys failed to conduct an independent investigation into the amount of the loss which the United States was claiming though Movant wanted to dispute it, the undersigned finds that Movant's attorneys were not constitutionally ineffective in representing him in this regard. Information respecting the loss attributable to Movant's conduct was in the records of the bank which he defrauded and the IRS, and the loss was easily and accurately calculated to be $1,957,630.31 and $336,580 respectively. Under the U.S.S.G. § 2B1.1(b) schedule, Movant would have had to knock well over $1 million off of those calculations to have had any reduction in his

sentence. Movant's attorneys' decision not to conduct an investigation into the calculations in order to dispute them cannot be said to have fallen below an objective standard of reasonableness in view of these circumstances.

Third, U.S.S.G. § 2B1.1(b) pertaining to fraud claims specifies that the defendant's Base Offense Level is to be increased according to a schedule adding offense levels according to loss attributable to the offense. "[L]oss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, Comment, App. Note 3(A). "Actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." Id., Comment App. Note 3(A)(i)."'Intended loss' (I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur . . .." Id., Comment, App. Note 3(A)(ii). "'[R]easonably foreseeable pecuniary harm' means pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." Id., Comment, App. Note 3(A)(iv). "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." Id., Comment, App. Note 3(C).

It appears that a significant benefit to Movant in entering the plea agreement was that a sum-certain figure would be used to calculate his sentence when the "actual loss " and "intended loss" figure might have been much higher. See Presentence Investigation Report (Document No. 38.) at ¶ 20 ("As of October, 2006, Mr. Carter had only partially completed four homes and had drawn down $1,957,630.31 in loan proceeds of the $4,483,480 approved loans.") If after he entered the plea agreement Movant had challenged the loss provision in the plea agreement indicating that the loss

8

as a result of his conduct was between $1 and $2.5 million, the Court may have deemed the plea agreement invalid in whole or with respect to the loss provision and added to Movant's Base Offense Level according to the amount of the "actual loss" or "intended loss" from the offense as those phrases are defined and U.S.S.G. § 2B1.1(b) contemplates. The District Court might reasonably have concluded that "the reasonably foreseeable pecuniary harm" or "the intended pecuniary harm" from the bank fraud was $4,483,480. This would have resulted in the addition of 18 offense levels to Movant's Base Offense Level rather than 16 as the plea agreement provided. Additionally, if the Court determined that Movant falsely denied or frivolously contested the amount of the loss, he would have lost credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Movant's prison sentence would have been considerably longer. In view of these considerations, the undersigned finds that Movant was not prejudiced in any way by his attorneys' decision not to conduct an investigation into the loss attributable to his conduct. Indeed, it appears that Movant was very competently represented throughout the criminal proceedings in the District Court.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 44.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene c. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to transmit a copy of this Proposed Findings and Recommendation to counsel of record.

Date: March 18, 2013.

R. Clarke VanDervort
United States Magistrate Judge